IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| DOUG STAKELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-226 |
| | ) | |
| TELLICO PLAINS, TENNESSEE, | ) | |
| THE TELLICO PLAINS POLICE DEPT., | ) | |
| TELLICO PLAINS MAYOR | ) | |
| ROGER POWERS, | ) | |
| POLICE CHIEF BILL ISBELL, and | ) | |
| XYZ TELLICO PLAINS POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Now before the court is defendants' motion for summary judgment. [Doc. 19]. For the reasons that follow, the motion will be granted and this case will be dismissed.

I.

*Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which it bears the ultimate

burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *See Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its complaint. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *See id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *See id.* at 251-52. "Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992).

In the present case, plaintiff has not responded to defendants' motion within the time allowed by the Federal Rules of Civil Procedure and the local rules of this court. *See* Fed. R. Civ. P. 6(a), (d); E.D. TN. LR. 7.1(a). Although "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought," E.D. TN. LR. 7.2, the court must nonetheless examine the motion to ensure that the sought-after relief is warranted. *See*


2

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

## II.

## *Tellico Plains Police Department*

Defendant Tellico Plains Police Department correctly argues that it is not an entity which may be sued. *See, e.g., Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Summary judgment will therefore be granted in favor of the Tellico Plains Police Department on all counts of plaintiff's complaint.

## III.

## *Background*

Plaintiff's only individual filing in this case has been his complaint, which was filed in state court on May 16, 2008, and then removed the following month. Plaintiff was formerly employed by defendant City of Tellico Plains as a part-time police officer. He was forced to resign on November 19, 2007. Defendant Bill Isbell is the Tellico Plains Chief of Police, and defendant Roger Powers is the Mayor of Tellico Plains. There is no suggestion that any party to this case is not a resident of the State of Tennessee.

The complaint alleges various state law causes of action. This court's subject matter jurisdiction is based solely on plaintiff's allegation that he was discharged due to "political motivations to give the Plaintiff's promised, full time police position with Tellico Plains to one of Mayor Power's [sic] political allies and friends, in violation of Plaintiff's civil rights under 28 U.S.C. § 1982 [sic] . . . ." The court construes plaintiff's statutory

3

reference as an attempted citation to 42 U.S.C. § 1983 and presumes that the civil rights referred to are his First Amendment rights of political speech and association.

IV.

*Analysis*

To prove that he was retaliated against for engaging in constitutionally protected conduct, plaintiff must establish: (1) that he in fact engaged in protected activity; (2) that an adverse action was taken against him "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) a causal connection between the first two elements - "that is, the adverse action was motivated at least in part by the plaintiff's constitutionally protected activity." *Sowards v. Loudon County*, 203 F.3d 426, 431 (6th Cir. 2000) (citation omitted). Further, to prevail in a § 1983 suit against a municipality, a plaintiff must show that an alleged federal right violation occurred because of a municipal policy or custom. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citations and quotation omitted).

There is no proof before the court regarding the political affiliation, association, or speech of plaintiff or any other person. At his deposition, plaintiff testified that he has no proof that Mayor Powers's actions were politically motivated. Similarly, plaintiff testified that his only proof of political motivation on Chief Isbell's part is, "I guess because his son or daughter is married to one of the guys that got hired up there full-time." When asked whether he alleged any other "basis for political motivation," plaintiff answered,

4

"No." Simple nepotism, without more, is not unconstitutional. *See Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1096 (6th Cir. 1996). Lastly, there is no proof before the court of any municipal policy or custom resulting in a constitutional violation.

It is apparent that there is no genuine issue of material fact whatsoever as to plaintiff's § 1983 claim. Because plaintiff has presented no issue regarding any alleged constitutional violation, the court need not engage in a detailed analysis of the individual defendants' argument that they are entitled to qualified immunity. The first step in assessing whether a defendant is entitled to qualified immunity is, of course, whether that defendant in fact violated the plaintiff's constitutional rights. *See Crockett v. Cumberland College*, 316 F.3d 571, 579 (6th Cir. 2003). Absent a constitutional violation, the court's inquiry ends.

V.

*Conclusion*

Because plaintiff has not demonstrated a genuine issue of material fact as to his § 1983 claim, defendants' summary judgment motion will be granted on that claim as to all remaining defendants. Because the only claim over which the court has original jurisdiction will be dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law issues, *see* 28 U.S.C. § 1367(c)(3), and those counts will be dismissed without prejudice.

5

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge